IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN R. TUCKER,

    Petitioner,

    v.

WARDEN, MADISON
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:13-CV-122
JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE KING

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition*, ECF 1, Respondent's *Return of Writ*, ECF 7, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the *Petition* be **DENIED** and that this action be **DISMISSED**.

**Facts and Procedural History**

This case involves Petitioner's June 1986 *Indictment* by the Franklin County grand jury on two counts of aggravated murder and one count of robbery with death penalty specifications related to the murder of William McKinney. *Exhibit 1* to *Return of Writ.* Petitioner waived his right to a jury and, pursuant to his negotiated *Plea Agreement*, pleaded guilty to aggravated murder and aggravated robbery, with specifications. *Exhibits 5, 6* to *Return of Writ.* On April 24, 1987, a three judge panel sentenced Petitioner to terms of imprisonment of thirty years to life on the aggravated murder charge and ten to twenty-five years on the aggravated robbery charge, the terms of imprisonment to be served concurrently. *Exhibits 7, 8* to *Return of Writ.* The State dismissed the other aggravated murder charge. *Exhibit 9* to *Return of Writ.* Petitioner did not file an appeal from that conviction.

1

On April 23, 2005, Petitioner filed a *Motion to Reduce Sentence* asking the state trial court reduce his sentence from a thirty year minimum to a twenty year minimum. *Exhibit 11* to *Return of Writ.* On December 14, 2011, Petitioner filed a *Motion to Impose a Valid Sentence.* On January 26, 2012, the trial court construed both motions as post-conviction actions and denied those motions. *Exhibit 15* to *Return of Writ.* Petitioner filed a timely appeal from that decision. *Exhibit 16* to *Return of Writ*.

The Ohio Tenth District Court of Appeals dismissed Petitioner's appeal, reasoning as follows:

> On June 2, 1986, appellant was indicted on two counts of aggravated murder with death penalty specifications and one count of first-degree felony aggravated robbery. Appellant waived his right to a jury trial, and the matter was tried before a three-judge panel. On April 24, 1987, appellant plead guilty to aggravated murder with two death penalty specifications and first-degree felony aggravated robbery. On May 11, 1987, appellant was sentenced to life imprisonment with parole eligibility after 30 years on the aggravated murder charge and not less than ten years but no more than 25 years of imprisonment on the aggravated robbery charge, with the terms to be served concurrently.
>
> On April 23, 2005, appellant filed a motion to reduce sentence. On December 14, 2011, appellant filed a motion to impose a valid sentence, arguing that his sentence was void due to the trial court's failure to follow the requirements of Crim.R. 11 and R .C. 2945.06. On January 26, 2012, the trial court denied the motions. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
>
> THE TRIAL COURT ABUSED IT[S] D[I]SCRETION WHEN IT DEN[I]ED THE DEFENDANT–APPELLANT'S MOTION TO [IMPOSE] A VALID SENTENCE WHEN THE ORIGINAL ATTEMPTED SENTENCE BY THE COURT FAILED TO FOLLOW THE STATUTORY REQUIREMENTS OF R.C.2945.06 AND CRIMINAL RULE 11(C)(3). FURTHER, THERE WAS NEVER A FINAL APPEALABLE ORDER THUS VIOLATING HIS CONSTITUTIONALLY GUARANTEED RIGHT TO DUE PROCESS AND A FAIR TRIAL.

> Appellant argues in his assignment of error that the trial court erred when it denied his motion to impose a valid sentence. After construing the motion as a petition for post-conviction relief, the trial court denied it because (1) he did not file his petition within 180 days of the judgment, (2) he was not unavoidably prevented from discovering the facts upon which he must rely to present his claim for relief, and the United States Supreme Court did not recognize a new federal or state right that applied retroactively to him after the 180–day period expired, (3) he did not show by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found him guilty, and (4) res judicata bars his petition because he could have raised the issues on direct appeal.
>
> \*\*\*
>
> As appellant failed to meet the conditions of R.C.2953.23(A)(1)(a), the trial court was not permitted to entertain his petition for post-conviction relief. Therefore, the trial court did not err when it found appellant's petition untimely.
>
> We also note that, because the evidence was known to appellant as of the time of the original judgment, appellant's claims could have been raised on direct appeal, and they are barred under the doctrine of *res judicata*. *See Stewart* at ¶ 10 (because the defendant's claims regarding violations of Crim.R. 11(C)(3) and R.C. 2945.06 could have been raised on direct appeal, appellant's petition for post-conviction relief was also barred under the doctrine of *res judicata*), citing *State v. Scudder*, 131 Ohio App.3d 470 (10th Dist.1998). *See also State v.* Collier, 8th Dist. No. 96075, 2011–Ohio–3988, ¶ 14 (*res judicata* barred untimely petition for post-conviction relief when it claimed a violation of R.C. 2945.06, which could have been raised on direct appeal), citing *Stewart*; *State v. Melton*, 8th Dist. No. 93299, 2010–Ohio–4476 (same), citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004–Ohio–1980, syllabus, and *Stewart*. For these reasons, the trial court did not err in denying appellant's petition because it was untimely filed, and appellant's assignment of error is overruled.

*State v. Tucker,* 12AP-158, 2012 WL 3133093, at * (Ohio App. 10th Dist. Aug. 2, 2012). On August 2, 2012, the appellate court affirmed the judgment of the trial court. On November 28, 2012, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Tucker*, 133 Ohio St.3d 1492 (2012).

3

On February 11, 2013, Petitioner filed the *pro se Petition.* He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States because the trial court failed to follow Ohio's statutory requirements in imposing sentence, rendering his sentence void (claim one); the trial court abused its discretion in denying his motion to reduce sentence (claim two); his sentence is void under *State v. Baker*, 2008-Ohio-3330 (claim three); and because he was denied the effective assistance of counsel (claim four).

As noted by Respondent, this action is plainly time-barred. Alternatively, the *Petition* fails to present a basis for federal habeas corpus relief.

**Claims Two and Three**

In claim two, Petitioner alleges that the trial court abused its discretion when it denied his motion to reduce sentence. In claim three, Petitioner alleges that his sentence violates *State v. Baker,* 119 Ohio St.3d 197 (2008)(holding that a judgment of conviction is a single document that need not include the plea entered at arraignment). Both of these claims present issues based exclusively on an alleged violation of state law and, for that reason, these claims fail to present a basis for federal habeas corpus relief.

A federal court may review a state prisoner's habeas petition only for challenges to confinement premised on alleged violations of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Thus, a federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing a state trial court's ruling on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). Instead, when considering habeas petitions, "'federal courts must defer to a state court's interpretation of its own rules of evidence and

4

procedure.'" *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). It is only where the error resulted in the denial of fundamental fairness that habeas relief will be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Here, Petitioner has failed to demonstrate that the errors alleged in claims two and three resulted in a denial of fundamental fairness.

Claims two and three lack merit.

**STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

>pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because Petitioner's conviction became final prior to the effective date of the Antiterrorism and Effective Death Penalty Act (hereinafter AEDPA), Petitioner had one year from the effective date of the AEDPA, *i.e.,* April 24, 1997, in which to file his habeas corpus petition. *See Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *vacated on other grounds*, 530 U.S. 1257 (2000). Petitioner waited more than fifteen years, until February 11, 2013, to file this habeas corpus petition. His April 2005 state court post-conviction petition did not toll the running of the statute of limitations under 28 U.S.C. § 2244(d), because the statute of limitations had already long since expired. "The tolling provision does not . . . 'revive' the limitations period ( *i.e*., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano,* 346 F.3d 598, 601 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998)); *see also Winkfield v. Bagley*, 66 Fed. Appx. 578 (unpublished), 2003 WL 21259699 (6th Cir. May 28, 2003) (same). Further, Petitioner has failed to allege any extraordinary circumstances that would justify the equitable tolling of the statute of limitations for the period at issue. *See Holland v. Florida*, 560 560 U.S. —, 130 S.Ct. 2549, 2560 (2010) (statute of limitations may be equitably tolled only in extraordinary circumstances).

**Recommended Disposition**

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that the *Petition* for a writ of habeas corpus be **DENIED** and that this action be **DISMISSED**.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

   *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

April 3, 2014