```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

JOHN R. TUCKER,

       Petitioner,

                                          Case No. 2:13-CV-122
      v.                          Judge Marbley
                                          Magistrate Judge King

WARDEN, MADISON
CORRECTIONAL INSTITUTION,

       Respondent.

## ORDER

    Petitioner, a state prisoner, brings this action for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1987 conviction on charges of aggravated murder and aggravated robbery, with specifications. On April 3, 2014, the United States Magistrate Judge recommended that this action be dismissed. *Report and Recommendation*, ECF 10. Specifically, the Magistrate Judge reasoned that petitioner's second and third claims raised only issues of state law not cognizable in federal habeas corpus and that, in any event, the *Petition*, ECF 1, executed by petitioner on February 5, 2013, *see* PAGEID # 14, and filed on February 11, 2013, was untimely filed. This matter is now before the Court on petitioner's objection to that recommendation. *Objection*, ECF 12. The Court will consider the matter *de novo. See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

    In his objections, petitioner does not address the reasoning of the Magistrate Judge. Instead, petitioner argues only that a claim of ineffective assistance of counsel (the fourth claim raised in the *Petition*), is properly raised in collateral proceedings. Although it is true that a claim of ineffective assistance of counsel is commonly

1

raised in a collateral attack of a criminal conviction, if that collateral attack is presented in a petition for a writ of habeas corpus under federal law, the petition must nevertheless be timely filed. *See* 28 U.S.C. § 2244(d).

Because petitioner's conviction became final prior to the effective date of the applicable statute of limitations, petitioner had until April 24, 1997 in which to file his petition in this Court. *See Jurado v. Burt*, 337 F.3d 638 (6th Cir. 2003). Petitioner waited more than fifteen years after that date before he executed the *Petition*. The *Petition* is therefore untimely and subject to dismissal on that basis.

Petitioner's *Objection,* ECF 12, is therefore **DENIED**. The *Report and Recommendation*, ECF 10, is **ADOPTED AND AFFIRMED**. This action is hereby **DISMISSED** as untimely.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

Moreover, the Court concludes that jurists of reason would not find it debatable that this Court was correct in its procedural ruling. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Accordingly, the Court **DECLINES** to issue a certificate of appealability in this case.

                                                    s/Algenon L. Marbley
                                                       Algenon L. Marbley
                                          United States District Judge